UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**RAFAEL DANIEL DE LA CRUZ JIMENEZ :     DOCKET NO. 20-cv-00626**
**REG. # 56269-004                                           SECTION P**

**VERSUS                                          :        JUDGE TERRY A. DOUGHTY**

**USA, ET AL                                      :        MAGISTRATE JUDGE KAY**

### REPORT AND RECOMMENDATION

Before the court is a "Petition for Specific Performance Due to Breach of Contract, in Equity Jurisprudence," and Motion for Preliminary Injunction (doc. 1) and a "Motion to Waive the Federal Bureau of Prisons Administrative Process" (doc. 2) filed by pro se petitioner Rafael Daniel de la Cruz Jimenez ("Jimenez"). Jimenez is an inmate in the custody of the Bureau of Prisons ("BOP") and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO").

As Petitioner seeks immediate release from incarceration to serve the remainder of his sentence on home confinement, this matter was initially classified as a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner contacted the Court both by telephone and written correspondence stating his intention to have this matter filed as a Petition for Specific Performance Due to Breach of Contract, in Equity Jurisprudence. Doc. 5. Jimenez insists, "It is not to be construed as a Petition for Writ of Habeas Corpus as Petitioner is not requesting release or modification of sentence." *Id.* Accordingly, the nature of suit was modified to reflect same.

This petition has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the

reasons stated below, **IT IS RECOMMENDED** that the Motion for Preliminary Injunction (doc. 1) be **DENIED**, the petition be **DENIED** and **DISMISSED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that the Motion to Waive the Federal Bureau of Prisons Administrative Process (doc. 2) be **DENIED**.

# I.
## BACKGROUND

### A. CARES Act

In a March 26, 2020, Memorandum, Attorney General William Barr directed the BOP Director to "prioritize the use of your various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." March 26, 2020 Memo from the Attorney General, *Prioritization of Home Confinement as Appropriate in Response to COVID-19 Pandemic, available at* https://www.justice.gov/coronavirus/DOJ response. The March 26 directive was limited to *eligible* "at-risk inmates who are non-violent and pose minimal likelihood of recidivism and who might be safer serving their sentences in home confinement rather than in BOP facilities." *Id.*

On March 27, 2020, the CARES Act was signed into law. Pre-CARES Act, the Bureau of Prisons (BOP) was authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). Under the CARES Act:

> (2) HOME CONFINEMENT AUTHORITY.—During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act § 12003(b)(1)(B)(2).

General Barr issued another Memorandum on April 3, 2020, "finding that emergency conditions are materially affecting the functioning of the [BOP]" and "expand[ing] the cohort of inmates who can be considered for home release." April 3, 2020 Memo from the Attorney General, *Increasing Use of Home Confinement at Institutions Most Affected by COVID-19, available at* https://www.justice.gov/coronavirus/DOJresponse.  General Barr directed the BOP Director to review all inmates with COVID-19 risk factors—not only those who were previously eligible for home confinement—starting with inmates incarcerated at FCI Oakdale, FCI Danbury, FCI Elkton, and similarly situated facilities where COVID-19 is materially affecting operations. *Id.* All at-risk inmates at such facilities who are deemed suitable for home confinement shall be immediately processed, transferred to an appropriate BOP facility for a 14-day quarantine, and released to home confinement. *Id.*

### B. Petitioner's Claims

Petitioner is a fifty-one-year-old male from the Dominican Republic (see doc. 1, att. 6, p. 9). On or about April 21, 2020, he served a "Notice – Private International Remedy Demand" on the Respondents, informing them that he met all the requirements set forth in Attorney General Barr's March 26, 2020 Memorandum but had been denied release by his case manager because of an immigration detainer.  Doc. 1, att. 3, p. 3[1].  The Notice gave Respondents three (3) days to respond and, because they failed to do so, Petitioner argues that they are in default and he is entitled to specific performance, i.e., release to home confinement in his own country. Doc. 1, p. 22; *see*

---

[1] The crux of Petitioner's argument that he is entitled to relief is that he meets all the requirements set forth by the government.  Specifically, he contends that there is no immigration detainer, only a "Notice of Action" from INS, dated August 7, 2002, which states that an investigation has been initiated to determine if Jimenez is subject to removal.  However, the document to which Petitioner refers specifically states, "Please accept this notice as a detainer."  Doc. 1, att. 6, p. 8.  A second document from INS states, "A detainer has been filed against this subject…" *Id*. at p. 9.

*also* doc. 1, att. 3, p. 4.  He seeks an emergency injunction for release to home confinement.  Doc. 1, p. 95.

## II.
## LAW & ANALYSIS

### A. *Preliminary Injunction*

To obtain a preliminary injunction, a movant must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted; and (4) that the grant of an injunction will not disserve the public interest. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011))."A preliminary injunction is an extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements."  *Planned Parenthood of Houston & Se. Texas v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) (*quoting Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara,* 335 F.3d 357, 363 (5th Cir. 2003) (internal quotation marks omitted). "Additionally, in accordance with the Prison Litigation Reform Act ('PLRA'), preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct the harm."  *Hood v. Vessel*, No. 13-303, 2013 U.S. Dist. LEXIS 68580, 2013 WL 12121562, at *1 (M.D. La. May 14, 2013) (citing 18 U.S.C. § 3626(a)).

### B. *Petitioner has not shown a substantial likelihood of success on the merits.*

Jimenez argues that he meets all the requirements to be released to home confinement in accordance with General Barr's memo.  Specifically, he seeks to be "released to and deported to home confinement his own country." Doc. 1-3, p. 4.  He contends that because the Respondents failed to respond to his April 2020 "Notice," they have "failed and continue to fail to specifically

perform as agreed by the informed consent, stipulation and agreement of the parties," referencing the "Notice." Doc. 1, p. 16.

Jimenez does not ask for a compassionate release in accordance with 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act. Relief under § 3582 must be sought in the court of conviction. *See Brown v. Underwood*, 3:19-CV-1706, 2019 WL 5580106, at *2 (N.D. Tex. Aug. 22, 2019), *report and recommendation adopted*, 2019 WL 5579198 (N.D. Tex. Oct. 28, 2019) (citing 18 U.S.C. § 3582(c)(1)(A)). To the extent Petitioner implies any request for relief under this statute, he must raise the claim in the district court in which he was convicted.

Jimenez actually challenges the manner in which his sentence is being executed by the BOP—specifically, he wants the BOP to designate that Petitioner serve the remainder of his sentence on home confinement in his home country. A habeas petition under 28 U.S.C. § 2241 is the proper means for challenging the manner in which a sentence is executed.[2] *See Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *United States v. Ovaitt*, 121 F.3d 704 (5th Cir. 1997).

However, Petitioner has made it clear that he does not wish to proceed pursuant to Section 2241. Rather, he intentionally filed the instant suit as a breach of contract suit, contending that he has a "lawful right to be placed in home confinement to serve the balance of his sentence, in accord

---

[2] Petitioner has admittedly not completed the Administrative Grievance Process/properly exhausted his claim. He asks this Court to waive the exhaustion requirement, due to the risk to his life and health caused by additional possible exposure to COVID-19. Doc. 2. While "the COVID-19 pandemic presents an extraordinary and unique public-health risk to society, as evidenced by the unprecedented protective measures that local, state, and national governmental authorities have implemented to stem the spread of the virus," the pandemic alone considering the facts that Jimenez alleges in his construed petition does not "show 'exceptional circumstances of peculiar urgency'" that excuse "the exhaustion requirement" in the context of this case. *Gaines*, No. 3:20-cv-1166-S-BN, 2020 U.S. Dist. LEXIS 98018, at *4 (N.D. Tex. May 13, 2020) (c*iting Sacal-Micha v. Longoria*, F. Supp. 3d, No. 1:20-CV-37, 2020 WL 1518861, at *6 (S.D. Tex. Mar. 27, 2020) (internal citations omitted). Accordingly, even if Jimenez had filed the instant Petition pursuant to Section 2241, his petition would be dismissed for failure to exhaust.

with the Attorney General's directive and applicable laws, and the Respondents have a lawful duty to specifically perform." Doc. 1, p. 94.

Under 18 U.S.C. § 3624, the BOP has the authority to place a prisoner in home confinement for the shorter of 10% of the term of imprisonment or 6 months. The CARES Act authorizes the Director of the BOP to lengthen that amount of time. *See Livas, et al. v. Myers, et al.*, 2:20-CV-00422, 2020 WL 1939583, at *6 (W.D. La. Apr. 22, 2020). Nothing in the CARES Act grants individual prisoners the right to serve the remainder of their sentence in home confinement. *See United States v. Williams*, 2:12-CR-539, 2020 WL 1940836, at *2 (S.D. Tex. Apr. 22, 2020); *United States v. Licciardello*, 2:18-CR-449, 2020 WL 1942787, at *2 (S.D. Tex. Apr. 22, 2020); *United States v. Daniels*, 4:08-CR-0464-SLB, 2020 WL 1938973, at *1 (N.D. Ala. Apr. 22, 2020). It merely gives the BOP the discretion to allow it.

Therefore, the CARES Act did not change the fact that the BOP has exclusive authority over the classification and placement of inmates. *United States v. Cantu*, 423 F. Supp. 3d 345, 348 (S.D. Tex. 2019) (Attorney General has "exclusive authority and discretion to designate the place of an inmate's confinement.") (citing *Zheng Yi Xiao v. La Tuna Fed. Corr. Inst.*, 19-CV-97, 2019 WL 1472889, at *3 (W.D. Tex. Apr. 3, 2019); *Moore v. United States Att'y Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973); *Ledesma v. United States*, 445 F.2d 1323, 1324 (5th Cir. 1971); 18 U.S.C. § 3621(b)). And the designation of a place of imprisonment by the BOP is not reviewable by the courts. *Livas*, 2020 WL 1939583 at *9 (citing 18 U.S.C. § 3621(b)); *see also Olim v. Wakinekona*, 461 U.S. 238, 244 (1983) (prisoner has no constitutional right to be housed in a particular facility); *Beaird v. Brown*, 3:07-CV-2077, 2008 WL 474119, at *3 (N.D. Tex. Feb. 21, 2008) ("There simply is no constitutional right to placement on home confinement at any time during a term of imprisonment.").

Jimenez has failed to state a claim for breach of contract. As he has failed to meet his burden in establishing a substantial likelihood of success on the merits of his Petition, he has not carried his burden to show that he is entitled to injunctive relief. Accordingly, the Court need not analyze the remaining factors.

### III.
### CONCLUSION

For the reasons stated above, Jimenez's petition fails to state a claim for relief. Accordingly, **IT IS RECOMMENDED** that the Motion for Preliminary Injunction (doc. 1) be **DENIED**, the petition be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the Motion to Waive the Federal Bureau of Prisons Administrative Process (doc. 2) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 15th day of June, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE